UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.

FORIS DAX, INC., D/B/A
CRYPTO.COM

    Petitioner,

v.

JAMES DEUTERO MCJUNKINS, JR.,

    Respondent,

_____

**PETITION TO CONFIRM ARBITRATION AWARD**

Petitioner, Foris DAX, Inc. d/b/a Crypto.com ("Crypto.com"), pursuant to 9 U.S.C. §9, petitions this Court for confirmation of the April 3, 2023 AAA Arbitration Award entered by arbitrator Jenelle E. La Chuisa, and for entry of a final judgment in its favor and against Respondent, James Deutero McJunkins Jr. ("McJunkins"), and states:

**PARTIES, JURISDICTION, AND VENUE**

1. Crypto.com is a Delaware company with its principal place of business in Miami-Dade, Florida.

2. McJunkins is an individual residing in Austell, Georgia.

3. This Court has diversity jurisdiction over this action, pursuant to 28 U.S.C. §1332(a)(1), because Crypto.com and McJunkins are citizens of different states, and the amount in controversy exceeds $75,000.[1]

---

[1] Following the Supreme Court's decision in *Badgerow v. Walters*, 142 S.Ct. 1310, 1320 (2022), a district court deciding a petition to confirm an arbitration award is required to have jurisdiction based on the petition itself, and may no longer "look through" to the underlying arbitration dispute for purposes of establishing jurisdiction. This petition satisfies the *Badgerow* test: Crypto.com seeks to confirm an award in excess of $75,000 between citizens of different states. Accordingly, the Court has jurisdiction. *See also*

4.      Venue is proper (1) because this is the district within which the arbitration award was made (*see* 9 U.S.C. § 9) and (2) because the parties contractually agreed that the "state or federal courts of the State of Florida and the United States sitting in Miami-Dade County, Florida have exclusive jurisdiction over…the enforcement of an arbitration award." Crypto.com's Terms and Conditions ("Terms") applicable to McJunkins, which address venue and jurisdiction for enforcement of arbitration awards at Section 16.7, are attached as **Exhibit A.**

### STATEMENT OF FACTS

5.      On or around May 12, 2020, McJunkins signed up for a Crypto.com account and agreed to Crypto.com's Terms and Conditions.

6.      On June 24, 2022, Crypto.com erroneously deposited $50,000.00 into McJunkins' account.

7.      That same day, McJunkins transferred the $50,000 from his Crypto.com account to an external bank account.

8.      Crypto.com subsequently made numerous requests that McJunkins return the $50,000 that had been erroneously transferred to him.

9.      After McJunkins failed to respond to the requests or return the funds, Crypto.com retained counsel and sent a pre-arbitration demand letter, which included a formal demand under Florida's civil theft statute. Fla. Stat. § 772.11.

---

*Boustead Securities LLC v. Unation, Inc.*, 2023 WL 2374074, at *1 (M.D. Fla. Mar. 6, 2023) (Honeywell, J.) (granting petition to confirm arbitration award and finding independent jurisdiction "because the parties are completely diverse and the petition seeks confirmation of an award of more than $75,000.").

10. When McJunkins failed to respond to the demand letter, on October 21, 2022, Crypto.com filed a demand for arbitration with the AAA, bringing four claims against McJunkins: (1) breach of contract; (2) civil theft under Fla. Stat. § 772.11; (3) unjust enrichment; and (4) conversion.

11. The AAA appointed Jenelle E. La Chuisa to serve as the arbitrator.

12. After a telephonic hearing, the arbitrator agreed to resolve the matter as a "desk arbitration," i.e., based on briefing and evidence submitted by the parties.

13. On February 24, 2023, Crypto.com filed a motion for final award and for an award of its attorneys' fees and costs, supported by declarations and exhibits. Although Crypto.com had a statutory basis for treble damages under Florida's civil theft statute, Crypto.com did not seek the full treble damages available to it, and instead requested a final award only in the amount of the wrongfully withheld $50,000, plus attorneys' fees, statutory interest, and arbitration costs.

14. After McJunkins failed to respond to or refute Crypto.com's motion, on April 3, 2023, the arbitrator issued a final award in favor of Crypto.com on its civil theft claim, in the total amount of $76,391.46. A copy of the Award is attached as **Exhibit B.**

15. The $76,391.46 Award consists of $50,000 in actual damages (i.e., the withheld funds), $1,786.11 in statutory interest, $21,205.35 in attorneys' fees, and $3,400 in arbitration costs. *See* Ex. B at ¶17.

16. The Award required McJunkins to pay the amounts owed to Crypto.com within 30 days. *Id.* at ¶18. Because McJunkins has failed to pay the amounts owed, Crypto.com seeks confirmation of the Award and entry of judgment against McJunkins.

## MEMORANDUM OF LAW

17. This matter was decided in binding arbitration in accordance with the provisions of the Federal Arbitration Act, 9 U.S.C. § 1, et seq. (the "FAA"). The Parties specifically contracted for the FAA to govern the arbitration proceedings. *See* Terms at §16.5.

18. The FAA attaches a "high degree of conclusiveness" to arbitration awards. *See Flavio Dev. Corp. v. Laguna E. Club Condo. Ass'n, Inc.*, 756 So. 2d 186, 187 (Fla. 3d DCA 2000).

19. "Where the FAA applies, the Act presumes that arbitration awards will be confirmed." *Foris DAX, Inc. v. Garcia*, 2023 WL 3746337, at *1 (S.D. Fla. May 31, 2023) (citing *Khan v. Stiffel*, 2011 WL 13243796, at *2 (S.D. Fla. Feb. 28, 2011)); *see also McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1238 (11th Cir. 2021) (cleaned up).

20. In furtherance of this goal, the FAA carefully limits judicial intervention in matters resolved through arbitration.

21. Pursuant to Section 9 of the FAA, courts must confirm arbitration awards obtained pursuant to valid arbitration agreements unless one of the limited bases for vacation, modification, or correction has been established. Specifically, the FAA provides four statutory bases to vacate an arbitration award.

22. An award may be vacated only where (1) it was procured by corruption, fraud, or undue means, (2) there was evident partiality or corruption in the arbitrators, (3) the arbitrator was guilty of specified misconduct, or (4) the arbitrator exceeded her power or improperly executed her power. *See* 9 U.S.C. §§ 10(a)(1)-(4).

23. Similarly, an award may be modified in the following circumstances: (1) there is an evident miscalculation of figures or material mistake of any person, thing, or property referred to in the award; (2) the arbitrators have issued an award in a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted; or (3) the award is imperfect in matter of form not affecting the merits of the controversy. *See* 9 U.S.C. §§ 11(a)-(c).

24. In the Eleventh Circuit, defenses to a motion to confirm arbitration are limited to those grounds set forth in Section 10 and 11 of the statute. *McLaurin*, 13 F.4th at 1238, citing *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1324 (11th Cir. 2010). Here, none of the limited circumstances occurred.

25. Crypto.com commenced the arbitration proceeding in accordance with the Terms.

26. McJunkins, who received notice of the proceedings and filings throughout (*see, e.g.,* Ex. B at ¶10), failed to respond to or dispute Crypto.com's motion for final award. The arbitration proceeded to conclusion with the Arbitrator entering a reasoned award in Crypto.com's favor based on evidence submitted by Crypto.com.

27. McJunkins cannot demonstrate corruption, fraud, undue means, partiality, or that the Arbitrator exceeded her powers in the proceedings or in the issuance of the arbitration award.

28. Accordingly, Crypto.com seeks (1) confirmation of the Arbitrator's Award and (2) entry of a final judgment against McJunkins pursuant to 9 U.S.C. § 9.

## CONCLUSION

For all of the foregoing reasons, Crypto.com respectfully requests that this Court confirm the Arbitrator's Award and enter a final judgment in its favor and against McJunkins in the amount of $76,391.46.

Dated: July 6, 2023

Respectfully submitted,

/s/ *Charles Throckmorton*
Charles Throckmorton
Florida Bar No. 101203
cthrockmorton@carltonfields.com
James Czodli
Florida Bar No. 123523
jczodli@carltonfields.com
CARLTON FIELDS, P.A.
700 N.W. 1st Avenue, Suite 1200
Miami, Florida 33136
Tel: (305) 530-0050
Fax: (305) 530-0055
*Attorneys for Petitioner*