

Case Number: 01-22-0004-4439

Foris Dax, Inc. d/b/a Crypto.com (Claimant)
-vs-
James Deutero McJunkins, Jr. (Respondent)

## ARBITRATION AWARD

    I, Jenelle E. La Chuisa, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the arbitration agreement entered into by the parties, contained in Foris Dax, Inc. d/b/a Crypto.com's ("Claimant" or "Crytpo.com") terms and conditions (updated August 31, 2022), having been duly sworn, the oral hearings having been waived in accordance with the Rules, and having fully reviewed and considered the written documents submitted to me by Claimant, which was represented by Counsel, and Respondent James Deutero McJunkins, Jr. ("Respondent" or "McJunkins") having failed to submit documents after due notice by mail and email in accordance with the Rules of the American Arbitration Association ("AAA"), hereby finds and awards as follows:

### Findings of Fact

    1.    Respondent signed up for a Crypto.com account on or around May 12, 2020.

    2.    On June 24, 2022, Crypto.com mistakenly deposited $50,000.00 into McJunkins' account.

    3.    McJunkins subsequently transferred the money from his Crytpo.com account to an external bank account.

    4.    On June 28, 2022, Crypto.com alerted McJunkins via email of the mistaken deposit and requested a return of the $50,000.00 back into his Crypto.com account. The email was sent to McJunkins' email address that he used for the Crypto.com account: jamesthemusicalgenius@gmail.com. McJunkins did not respond to this request.

    5.    On July 5, 2022, a Crypto.com representative contacted McJunkins and again requested a return of the $50,000.00. McJunkins did not respond to this request.

    6.    Crypto.com retained counsel to assist in recovering the $50,000.00 inadvertently deposited into McJunkins' Crypto.com account.

    7.    On August 12, 2022, Crypto.com, through counsel, sent a formal civil theft demand letter to McJunkins, in accordance with Fla. Stat. § 722.11, via email to the Gmail address above and via Federal Express to his home address. Mr. McJunkins did not respond to the

AAA Case Number: 01-22-0004-4439
Arbitration Award
Page 2

demand letter.

8.  On August 24, 2022, Crypto.com, through counsel, sent a follow up email to McJunkins (to the same Gmail address), requesting a response. McJunkins did not respond to the email.

9.  On October 21, 2022, Crypto.com filed its demand for arbitration and statement of claim, seeking damages from McJunkins for Breach of Contract (Count I); Civil Theft (Count II); Unjust Enrichment (Count III); and Conversion (Count IV). In addition to damages sought, Claimant sought the recovery of statutory interest and reasonable attorney's fees and costs in connection with Count II for civil theft.

10. On the morning of January 17, 2023, at 10:14 AM, the AAA received an email from McJunkins from the aforementioned Gmail address, acknowledging that he had seen various emails received from that account regarding this matter and that he thought it was in his best interest to consult a lawyer and get back to the AAA on the matter.

11. A preliminary telephonic hearing was held on January 17, 2023 at 11:30 AM. The AAA provided notice to both parties via email, including to McJunkins at the aforementioned Gmail address. Counsel for Claimant appeared. Neither Respondent nor anyone on Respondent's behalf appeared.

12. Following the preliminary hearing, the AAA served a copy of the Arbitrator's January 17, 2023 Report of Preliminary Management Hearing and Scheduling Order ("Scheduling Order") via email, including to McJunkins at the aforementioned Gmail address.

13. Pursuant to the Scheduling Order, the case was to be adjudicated as a desk arbitration (documents only) proceeding. The deadline for Claimant to submit its initial submission was February 24, 2023, and the deadline for Respondent to submit his response submission was March 24, 2023.

14. On February 24, 2023, Claimant served its motion for final award.

15. To date, McJunkins has not submitted any response to the demand for arbitration or statement of claim or any submission in response to Claimant's motion for final award. Nor has McJunkins otherwise appeared in this proceeding, despite having acknowledged receipt of emails regarding this matter.

16. The evidence submitted to date reflects that Claimant inadvertently transferred $50,000.00 to Respondent's account on June 24, 2022; Claimant notified Respondent of the error and requested a return of the funds on June 28, 2022; at the latest, Respondent was on notice that the $50,000.00 transfer was not intended for him by June 28, 2022, when Claimant first alerted Respondent to the erroneous transfer and requested a return of the funds; and Respondent ignored Claimant's initial and subsequent requests for a return of the funds, with the knowledge that the transfer of funds to him was inadvertent and that the funds did not belong to him.

AAA Case Number: 01-22-0004-4439
Arbitration Award
Page 3

### Ruling of the Arbitrator

17. Based on the foregoing, it is ordered as follows:

   a. Claimant's motion for final award for damages under Fla. Stat. § 772.11 (civil theft) is granted. The Arbitrator therefore need not decide Claimant's claims for breach of contract, unjust enrichment, or conversion.

   b. Claimant's motion for final award seeks the recovery of the $50,000.00 instead of treble damages ($150,000) under Florida's civil theft statute. Claimant is therefore entitled to the sum of $50,000.00 in damages from Respondent, plus interest at Florida's statutory judgment interest rate, from June 29, 2022 through the date hereof, in the amount of $1,786.11.

   c. Attorney's fees in the amount of $21,205.35, and arbitration costs in the amount of $3,400.00 (including the administrative fees of the AAA in the amount of $1,900.00 and the compensation of the arbitrator totaling $1,500.00), shall be borne by Respondent pursuant to Fla. Stat. § 772.11, for a total award from Respondent, in Claimant's favor, in the amount of $76,391.46.

18. The above sums are to be paid within thirty (30) days from the date of this Award.

19. This Award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

**Dated:** April 3, 2023

Arbitrator Signature:

Jenelle E. La Chuisa