**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 1:23-cv-22514-KMW

FORIS DAX, INC.,

                    *Petitioner*,

v.

JAMES DEUTERO MCJUNKINS, JR.,

                    *Respondent*.

_____/

**REPORT AND RECOMMENDATION ON**
**MOTION FOR FINAL DEFAULT JUDGMENT**

       This matter is before the Court on Petitioner Foris DAX, Inc.'s ("Foris DAX") Renewed Motion for Default Judgment ("Motion"). [ECF No. 14]. The Honorable Kathleen M. Williams referred this Motion to the undersigned for a report and recommendation. [ECF No. 10]; *see also* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Respondent, James Deutero McJunkins, Jr. ("McJunkins"), has not responded or otherwise answered Foris DAX's Petition to confirm Arbitration Award ("Petition'). For the reasons addressed below, it is RECOMMENDED that the Motion be GRANTED.

**BACKGROUND**

**A.     Arbitration Proceeding and Award.**

       On October 21, 2022, Foris DAX filed a demand for arbitration with the American Arbitration Association ("AAA"), bringing four claims against McJunkins arising out of his wrongful withholding of $50,000 belonging to Foris DAX. McJunkins received but did not

1

respond to the arbitration demand. Following a preliminary conference, the Arbitrator issued a scheduling order designating the proceeding as a documents-only "desk arbitration" and requiring the parties to submit briefs by a date certain. On February 24, 2023, Foris DAX filed a motion for final award and for an award of its attorneys' fees and costs, supported by declarations and exhibits. McJunkins failed to respond to or refute Foris DAX's motion despite having acknowledged receipt of emails regarding the arbitration proceedings.

On April 3, 2023, the Arbitrator issued a final award in favor of Foris DAX on its civil theft claim, in the total amount of $76,391.46 (the "Award"). [*See* ECF No. 1-2]. The $76,391.46 sum consists of $50,000 in actual damages (i.e., the withheld funds), $1,786.11 in statutory interest, $21,205.35 in attorneys' fees, and $3,400 in arbitration costs. [*Id.*]. The Award required McJunkins to pay the amounts owed to Foris DAX within thirty days. [*Id.*]. McJunkins failed to pay the amounts owed.

### B. Confirmation Proceedings Before the Court.

On July 6, 2023, Foris DAX commenced this action by filing a petition to confirm the Award and obtain entry of judgment in the awarded amount. [ECF No. 1] The Petition and Summons were served on McJunkins on July 28, 2023. [ECF No. 5]. After McJunkins failed to timely respond to the petition, on September 1, 2023, Foris DAX filed a Motion for Entry of Clerk's Default, ECF No. 6, and the Clerk entered a default against McJunkins, [ECF No. 7]. On October 6, 2023, Foris DAX filed its Motion for Entry of Default Final Judgment and Judge Williams referred the motion to this Court. [ECF Nos. 9, 10]. On April 1, 2024, the Court ordered Foris DAX to file a renewed motion for default judgment. [ECF. No. 11]. The Motion is now ripe for consideration.

## LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) provides for the entry of default judgment upon a party's motion. The Court may enter default judgment "'against a defendant who never appears or answers a complaint, for in such circumstances the case has never been placed at issue.'" *Prince Advance Funding, LLC v. Lizzano Auto. Grp., LLC*, No. 23-60026-CIV, 2023 WL 6609326, at *1 (S.D. Fla. Sept. 28, 2023), *report and recommendation adopted*, No. 23-CV-60026, 2023 WL 6585248 (S.D. Fla. Oct. 10, 2023) (quoting *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys*., Inc., 803 F.2d 1130, 1134 (11th Cir. 1986)). Entry of default judgment is warranted where there is a sufficient basis in the pleadings for the judgment to be entered. *Surtain v. Hamlin Terrace Found*., 789 F.3d 1239, 1245 (11th Cir. 2015). "The standard for entry of default judgment is 'akin to that necessary to survive a motion to dismiss for failure to state a claim ... [so] a motion for default judgment is like a reverse motion to dismiss for failure to state a claim.'" *Substation Enters., Inc. v. Sayers Constr., LLC*, No. 6:21-CV-1634-DCI, 2023 WL 23101, at *1 (M.D. Fla. Jan. 3, 2023) (quoting *Surtain*, 789 F.3d at 1245).

A "defendant, by his default, admits the Plaintiff's well-pleaded allegations of fact" as set forth in the operative complaint. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc*., 561 F.3d 1298, 1307 (11th Cir. 2009). If the plaintiff's claims are for a sum made certain by affidavit, the Clerk of Court "must enter judgment for that amount." Fed. R. Civ. P. 55(b)(1). "With regard to the measure of damages, the allegations contained in the complaint are not considered admissions by virtue of the default; [rather], the Court determines the amount and character of damages to be awarded." *Tracfone Wireless, Inc. v. Anadisk, LLC*, 685 F. Supp. 2d 1304, 1310 (S.D. Fla. 2010).

The court may enter a default judgment awarding damages without a hearing where "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1543-44 (11th Cir. 1986) (quoting *United Artists Corp. v. Freeman*, 605 F.2d 854 (5th Cir. 1979)). In the context of a default judgment based on an arbitration award, no hearing is necessary where the arbitration award includes a fixed damages amount. *See Diamond Resorts U.S. Collection Development, LLC v. Gutierrez*, 2017 WL 6939208, at *3 (M.D. Fla. Dec. 8, 2017) (recommending confirmation of arbitration award and entry of default judgment without hearing, finding that "there is no need to conduct an evidentiary hearing on damages, because the amounts awarded by the arbitrator….are liquidated, as reflected in the Award."); *see also Pott v. Wolrd Capital Properties, Ltd*., 2021 WL 9204019, at *4 (S.D. Fla. Dec. 30, 2021) (granting motion for entry of default final judgment and determining damages based on arbitration award); *Landstar Ligon, Inc. v. NTL Agency, Inc*., 2012 WL 13136839, at *3 (M.D. Fla. July 20, 2012) (same).

## ANALYSIS

Foris DAX seeks confirmation of the Award and a final judgment conforming with the provisions of the Award pursuant to the Federal Arbitration Act ("FAA"). As part of the FAA, "'9 U.S.C. § 9 provides, in relevant part, that any party to arbitration may apply to the court for an order confirming an arbitration award within one year after the award is made." *Wachovia Sec., LLC v. Fink*, No. 07-80575, 2007 WL 9747559, at *2 (S.D. Fla. Nov. 14, 2007), *report and recommendation adopted sub nom*., *Wachovia Sec., LLC v. Fink,* No. 07-80575, 2008 WL 11468218 (S.D. Fla. Jan. 9, 2008). "The court must confirm the award unless the award is vacated, modified, or corrected under Sections 10 or 11." *Id*. (citing 9 U.S.C. § 9). "Pursuant to 9 U.S.C. §

12, [a Defendant] ha[s] three months from the [date of the] Arbitration Award in which to file a motion to vacate, modify, or correct the award." *Id*.

The threshold requirements to confirm the Award have been met. The Award was issued on April 3, 2023. [ECF No. 1]. Foris DAX filed this action on July 6, 2023, well within the one-year requirement. There have been no attempts to vacate, modify, or correct the Award, and the time to do so has passed.

"Once the initial requirements of 9 U.S.C. § 9 are met, venue and jurisdiction must be examined." *Id.* (citing *Webusenet, Inc. v. Ringdahl*, No. 05-80063, 2006 WL 8445640, at *2 (S.D. Fla. June 6, 2006), *report and recommendation adopted in part*, No. 05-80063, 2006 WL 8445639 (S.D. Fla. Aug. 24, 2006)). Foris DAX is a Delaware company with its principal place of business in Miami-Dade, Florida. McJunkins is an individual residing in Austell, Georgia. Given that the parties are diverse, and the amount in controversy is $76,391.46, more than the necessary $75,000, the Court has subject matter jurisdiction. *See* 28 U.S.C. § 1332; *Loral Corp. v. Swiftships, Inc.*, 77 F.3d 420, 422 (11th Cir. 1996), *cert. denied*, 519 U.S. 966 (1996) ("Subject matter jurisdiction for cases filed pursuant to § 9 of the [Federal Arbitration] Act must be based upon either diversity of citizenship or the existence of a federal question.").

Further, a motion to confirm an arbitration award can be filed in the court where the award was made, in any district proper under the general venue statute, or in the court specified by the parties. *See Vital Pharms. v. PepsiCo, Inc.*, 528 F. Supp. 3d 1304, 1308 (S.D. Fla. 2020) (citing *Cortez Byrd Chips, Inc. v. Bill Harbert Constr. Co.*, 529 U.S. 193, 195 (2000)). Venue is proper (1) because this is the district within which the arbitration award was made and (2) because the parties contractually agreed that the "state or federal courts of the State of Florida and the United States sitting in Miami-Dade County, Florida have exclusive jurisdiction over . . . the enforcement of an

arbitration award." *See* ECF No. 1-1, at Section 16.7 (Foris DAX's Terms and Conditions, which provide for Florida venue and jurisdiction for enforcement of arbitration awards).

Turning to the merits, "'judicial review of arbitration awards under the FAA is very limited.'" *Prince Advance Funding*, 2023 WL 6609326, at *3 (quoting *Brown v. Rauscher Pierce Refsnes, Inc*., 994 F.2d 775, 778 (11th Cir. 1993)). The only bases for vacating an award are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).[1]

Foris DAX has attached a sworn affidavit to this Motion. [ECF No. 14-1]. Although the Award came about by default, there is no evidence that any of the bases for vacating the Award apply. *See Prince Advance Funding*, 2023 WL 6609326 (recommending entry of default judgment and confirmation of award obtained through default). McJunkins has also failed to file any responsive pleadings. Foris DAX's Motion should therefore be granted.

## RECOMMENDATION

For the reasons set forth above, the undersigned hereby RECOMMENDS that Foris DAX's Renewed Motion for Default Judgmen [ ECF No. 14] should be GRANTED to confirm the Award

---

[1] The Eleventh Circuit has also provided that the award can be vacated on two non-statutory bases: "(1) where the award is arbitrary and capricious; or (2) where enforcement of the award would be contrary to public policy." *Bridgepoint Ventures, LLC v. Panam Mgmt. Grp., Inc.*, No. 10-60330-MC-JORDAN, 2010 WL 11506485, at *1 (S.D. Fla. Dec. 10, 2010), *aff'd*, 459 F. App'x 871 (11th Cir. 2012) (citing *Brown*, 994 F.2d 775, 779).

[ECF No. 1] in favor of Foris DAX, and to enter a final judgment against Respondent in the amount of **$76,391.46**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** in Miami, Florida on this 6th day of June, 2024.

_____
**HONORABLE LISETTE M. REID**
**UNITED STATES MAGISTRATE JUDGE**

cc:     **United States District Judge Kathleen M. Williams;**
         **All Counsel of Record**